UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| APRIL HELENA BEUTEL,                     ) | 3:20-CV-00788 (KAD) |
| *Plaintiff*,                                          ) | |
|                                                            ) | |
| v.                                                       ) | |
|                                                            ) | |
| ANDREW SAUL, COMMISSIONER OF  ) | |
| SOCIAL SECURITY,                           ) | |
| *Defendant*.                                       ) | September 9, 2020 |

## ORDER
## RE: MOTION TO DISMISS

Kari A. Dooley, United States District Judge:

The Plaintiff, April Helena Beutel (the "Plaintiff"), brings this administrative appeal pursuant to 42 U.S.C. § 405(g). She appeals the decision of Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), denying her application for supplemental security income ("SSI") benefits pursuant to Title XVI of the Social Security Act (the "Act").[1] The Commissioner moves to dismiss the appeal as untimely. (ECF No. 14.) For the reasons set forth below, the motion to dismiss is GRANTED.

**Procedural History**

The Plaintiff filed her application for SSI benefits on December 10, 2013. Def.'s Ex. 5 at 4; *Beutel*, 2018 WL 3218662, at *1. After that application was denied, the Plaintiff filed a timely appeal to this Court. On July 2, 2018, the Court (Merriam, *M.J.*) reversed the decision of the Commissioner and remanded the case for rehearing. *Beutel*, 2018 WL 3218662, at *10. On June 24, 2019, after a hearing, an administrative law judge again denied the Plaintiff's application for

---

[1] The Plaintiff states in her complaint that she is also appealing the denial of her application for disability and disability insurance pursuant to Title II of the Act. The record reveals, however, that the decision being appealed from pertains to an application for SSI benefits only. (Def.'s Ex. 5 at 4 (referencing only application for SSI benefits)); *Beutel v. Berryhill*, No. 17-cv-01193 (SALM), 2018 WL 3218662, at *1 (D. Conn. July 2, 2018) (reversing denial of SSI benefits and remanding for further proceedings); (Def.'s Ex. 10 at 13 (referencing only application for SSI benefits).)

SSI benefits. (Compl. at 6; Def.'s Ex. 10.) On March 8, 2020, the Appeals Council sent the Plaintiff and her counsel a letter rejecting her challenge to the administrative law judge's decision and informing her of her right to file a civil action with this Court within sixty days. (Def.'s Ex. 13 at 1–2.) The Plaintiff did not thereafter request an extension of time to file a civil action. (Podraza Decl. ¶ 4(f).) On June 8, 2020, the self-represented Plaintiff commenced this action.[2] On June 9, 2020, the Court (Merriam, *M.J.*) issued an order to the Plaintiff to Show Cause why this matter should not be dismissed as untimely. (ECF No. 9). The Plaintiff did not respond. On July 7, 2020, the Court (Merriam, *M.J.*)[3] ordered the Commissioner to indicate its position as to the timeliness of this matter. (ECF No. 12.) In response, on August 5, 2020, the Commissioner moved to dismiss this action as untimely. (ECF No. 14.) The Plaintiff did not respond to the Commissioner's motion.

**Discussion**

The Social Security Act provides the exclusive remedy for a plaintiff seeking judicial review of the Commissioner's final decision. *See* 42 U.S.C. §§ 405(g), (h). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The time limit provided for under the Act for a plaintiff to commence a civil action "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The Commissioner may raise a limitations defense in a Rule 12(b)(6) motion. *See Paniagua v. Comm'r of Soc. Sec.*, No. 15-cv-2038 (JCM), 2017 WL 699117, at *2 (S.D.N.Y.

---

[2] The Plaintiff dated her complaint May 8, 2020, but the complaint is stamped as filed on June 8, 2020.
[3] This matter was transferred to the undersigned on July 8, 2020.

Feb. 21, 2017).  In deciding a Rule 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and draws all reasonable inferences from the allegations in plaintiff's favor.  *See Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015); *see also Bachand v. Berryhill,* No. 3:17-CV-01323, 2018 WL 6053325, at *1 (D. Conn. Nov. 19, 2018), *aff'd sub nom. Bachand v. Saul*, 778 F. App'x  74 (2d Cir. 2019).

As relevant here, a plaintiff is presumed to receive notice of a decision five days after the date on the notice and, therefore, a plaintiff must generally file an action within sixty-five days of the date of the final decision of the Commissioner.  *See* 20 C.F.R. §§ 416.1481, 416.1503.  Here, the Appeals Council's decision is dated March 8, 2020, meaning the Plaintiff was required to commence this action on or before May 12, 2020.  As indicated above, this matter was commenced on June 8, 2020, well beyond the deadline.  As a result, this appeal is untimely.[4]

The Commissioner's motion to dismiss (ECF No. 14) is, therefore, GRANTED.  The Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of September 2020.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[4] The Court recognizes that equitable tolling may, in certain circumstances, serve to extend the limitations period.  *See Canales v. Sullivan*, 936 F.2d 755, 758–59 (2d Cir. 1991). "[T]he doctrine of equitable tolling allows courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'"  *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *see also Bachand*, 2018 WL 6053325, at *4.  A review of the complaint however reveals no basis upon which equitable tolling might be appropriate in this case.